UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 20-1887-MWF-E | Date: September 3, 2020 |
| Title: | Orlando Garcia v. First Metro Realty, LLC et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [28]

Before the Court is Plaintiff Orlando Garcia's Application for Default Judgment as to Defendants First Metro Realty, LLC and JJ Bargain, Inc. (the "Motion"), filed on July 8, 2020. (Docket No. 28). No Oppositions to the Motion were filed.

The Motion was noticed to be heard on August 17, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **GRANTED** *in part*. Plaintiff has satisfied all procedural and substantive requirements for a default judgment with respect to his ADA claim, but the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. The Court awards Plaintiff $3,344.60 in attorneys' fees and costs, and orders Defendants to come into compliance with the Americans with Disabilities Act ("ADA").

## I. BACKGROUND

Plaintiff commenced this action on February 27, 2020. (*See generally* Complaint (Docket No. 1)). The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-1887-MWF-E            Date: September 3, 2020
Title:     Orlando Garcia v. First Metro Realty, LLC et al.

allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

       Plaintiff is a level C-5 quadriplegic who also suffers from cerebral palsy and manual dexterity issues; as a result, he uses a wheelchair for mobility. (Complaint ¶ 1). Defendant First Metro Realty, LLC ("First Metro") currently owns, and owned in January 2020, real property located at 170 S. Vermont Avenue, Los Angeles, California. (*Id.* ¶¶ 2-3). Defendant JJ Bargain, Inc. ("JJ Bargain") currently owns, and owned in January 2020, the JJ Bargain store ("Store") located at or about 170 S. Vermont Avenue, Los Angeles, California. (*Id.* ¶¶ 4-5).

       In January 2020, Plaintiff went to the Store with the intention of availing himself of its goods and to assess the business for compliance with the disability access laws. (*Id.* ¶ 10). The Store is open to the public, but on the date of Plaintiff's visit, the Store did not provide wheelchair accessible paths of travel inside the Store in conformance with ADA standards. (*Id.* ¶¶ 11-12). On information and belief, the Store still continues to fail to provide wheelchair accessible paths of travel. (*Id.* ¶ 13). Plaintiff also alleges based on information and belief that, even though he did not confront the barrier, Defendants currently fail to provide wheelchair accessible sales counters. (*Id.* ¶ 17).

       As soon as it is represented to Plaintiff that the Store and its facilities are accessible, he will return to the Store. (*Id.* ¶ 20).

       Based on these allegations, Plaintiff asserts two claims for relief: (1) violation of the ADA, 42 U.S.C. §§ 12101 *et seq.*, and (2) violation of California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51–53. (*Id.* ¶¶ 22-34).

       On March 30, 2020, this Court declined to exercise supplemental jurisdiction over Plaintiff's state Unruh Act claim. (Docket No. 17). Accordingly, only Plaintiff's ADA claim remains.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-1887-MWF-E                                      Date:  September 3, 2020
Title:     Orlando Garcia v. First Metro Realty, LLC et al.

## II.   DISCUSSION

### A.   Service and Other Procedural Requirements

Having reviewed the filings in this action, the Court is satisfied that Plaintiff has met all the procedural requirements for obtaining a default judgment against Defendants.

On March 3, 2020, Plaintiff's service processor served the agent for First Metro, Maurice Refoua, by personal service at 1559 S Sepulveda Blvd, Los Angeles, CA 90025. (Docket No. 10). On March 2, 2020, Plaintiff's service processor served the agent for JJ Bargain, Kum Y Yang, by personal service at 170 S Vermont Ave, Los Angeles, CA 90004. (Docket No. 11). Because the Summons and Complaint were served via personal service on Defendants, the Court is satisfied that service was properly effectuated pursuant to California Code of Civil Procedure section 416.10(a).

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant(s). The Court does not require service under Rule 4, but does require that the service is reasonably likely to provide notice to the defendant(s). On July 8, 2020, Plaintiff filed a proof of service indicating he served the Motion and its supporting documentation by mail to Defendants at the address for the Store and the address for First Metro's agent of process. (Docket No. 19). The Court is therefore satisfied that Defendants have actual notice of the Motion.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Having reviewed the filings in this action, the Court determines that the five procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against Defendants on March 30, 2020 (Docket Nos. 15-16); (2) Defendants failed to respond to the Complaint; (3) Defendants are not infants or incompetent persons; (4) Defendants are not serving in the military and thus the Service Members Civil Relief Act does not apply; and (5) Plaintiff served Defendants on July 8, 2020,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-1887-MWF-E					Date:  September 3, 2020
Title:     Orlando Garcia v. First Metro Realty, LLC et al.

with notice of the Motion and supporting papers, in a manner deemed appropriate by the Court.

Accordingly, Plaintiff has satisfied the procedural requirements for obtaining entry of a default judgment.

### B.    The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The seven factors are:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.  *Id*. If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages. Fed. R. Civ. P. 55(b)(2).

The Court determines that, with the exception of the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Motion.

### C.    Remedies

Having determined that entry of default is appropriate, the Court next must consider remedies.  Plaintiff seeks attorneys' fees, costs, and injunctive relief under the ADA.  (*See generally* Motion).  These requests are proper because they do not "differ in kind from, or exceed in amount, what is demanded in the pleadings."  *Craigslist,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-1887-MWF-E                                Date:  September 3, 2020
Title:     Orlando Garcia v. First Metro Realty, LLC et al.

*Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1051 (N.D. Cal. 2010) (quoting Fed. R. Civ. P. 54(c)).

### 1. Attorneys' Fees and Costs

Plaintiff seeks an award of attorneys' fees and costs of $5,582.00:  $4,281.00 in fees and $860.00 in costs.  (Motion at 9-17; *see generally* Declaration of Russell Handy ("Handy Declaration") (Docket No. 28-2)).

The ADA authorizes district courts to award attorneys' fees to the prevailing party.  *See* 42 U.S.C. § 12205; Cal. Civ. § 52(a).  "For ADA . . . cases, reasonable attorneys' fees are determined by reference to the lodestar method."  *Lopez v. Macca Corp.*, No. CV 18-2589-RSWL (Ex), 2018 WL 5310770, at *5 (C.D. Cal. Oct. 22, 2018) (citing *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018)).

Here, Plaintiff seeks a fee of $4,281.00 representing 8.4 hours of work at rates of $400.00, $550.00, and $595.00 per hour.  (Handy Declaration, Ex. 1).  With respect to the hourly rate, the Court notes that in other ADA cases in front of this Court and in the Central District, Plaintiff's firm has been awarded attorneys' fees based on hourly rates of $425.00 and $350.00.  *See, e.g.*, *Love v. Voyles*, No. EDCV 18-97 JGB (KKX), 2019 WL 3241184, at *6 n.4 (C.D. Cal. Mar. 14, 2019) ("The hourly rates of Plaintiff's attorneys are as follows:  $425.00 for Mark Potter and Russell Handy, and Phyl Grace and $350.00 for Dennis Price and Isabel Masanque."); *Love v. MJV Real Estate, LLC*, No. ED-CV-18975-JGB(SPx), 2019 WL 3243733, at *6 (C.D. Cal. Apr. 10, 2019) ("The hourly rate of Plaintiff's attorneys Mark Potter, Russell Handy, and Phyl Grace is $425.").  Therefore, the Court will award an hourly rate of $425 for Mark Potter, Russell Handy, and Phyl Grace and $350.00 for Faythe Gutierrez.

With respect to the number of hours billed, the Court applies a 15% reduction for the first five billing entries because they were block billed.  Therefore, the total number of hours worked on the prefiling checklist is reduced from 3.5 hours to 2.98 hours, and the total number of hours worked in this action is reduced from 8.4 hours to 7.88 hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-1887-MWF-E                              Date:  September 3, 2020
Title:      Orlando Garcia v. First Metro Realty, LLC et al.

In addition, the Court applies a 10% reduction across the board in hours billed, as is within its discretion, because redundancies are bound to arise when there are multiple attorneys working on a simple action. *See, e.g.*, *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (affirming the rule that "[a] district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation."); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (permitting the district court to "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation").

Applying 10% reduction to 4.48 hours of work at $425 and 3.4 hours of work at $350 per hour, the Court awards Plaintiff **$2,784.60** in attorneys' fees.

Plaintiff also seeks to recover $860.00 in costs, including $400.00 for the filing of the Complaint, and $60.00 for the service fees, and $400.00 for an investigator. (Handy Declaration, Ex. 1).  The Court determines that the filing fee and the service fee is reasonable.  However, the Court does not believe that the investigator fee of $400 is reasonable.  In other ADA cases in front of this Court and in the Central District, Plaintiff's firm has been routinely awarded $100 in investigator's fees for similar work.  *See, e.g.*, *Lammey v. Plaza Segundo, LLC*, No. LA:CV-19-4484 JAK (PLAx), 2019 WL 8638804, at *9 (C.D. Cal. Dec. 20, 2019) ("Handy and three other attorneys . . . spent 9.3 hours working on this case. . . . [T]hese attorneys advanced $400 in filing fees, $30 in service costs and $100 in investigator fees."); *Sherfield v. Brite Spot, LLC*, No. CV 19-6181-MWF-KS, 2019 WL 8160897, at *3 (C.D. Cal. Dec. 12, 2019) ("Plaintiff also seeks to recover . . . $100 for an investigator. The Court believes these fees are also reasonable.").

Plaintiff has not explained why he is entitled to a quadruple of the investigator fees.  Accordingly, the Court awards Plaintiff **$560.00** in costs.

## 2. Injunctive Relief

Finally, Plaintiff requests an injunction compelling Defendants to "provide accessible paths of travel inside" the Store and to provide an "accessible sales counter"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-1887-MWF-E**　　　　　　　　　　**Date:  September 3, 2020**
**Title:**　　Orlando Garcia v. First Metro Realty, LLC et al.

at the Store.  (Docket No. 28-4).  The ADA provides for injunctive relief when facilities are not compliant with ADA regulations.  42 U.S.C § 12188(a)(2).  Courts may grant equitable relief to the extent required to make facilities ready and accessible to individuals with disabilities.  42 U.S.C § 12188(b)(2).

　　Given that the Court accepts Plaintiff's claim that Defendants have violated the ADA in the manner described above, the Court finds it appropriate to grant the requested injunctive relief.

### III.　CONCLUSION

　　For the foregoing reasons, the Motion against Defendants is **GRANTED *in part***.  The Court awards Plaintiff **$3,344.60** in attorneys' fees and costs, and orders Defendants to come into compliance with the ADA.  A separate judgment shall issue.

　　IT IS SO ORDERED.